Jack Morris GILLISPIE, Petitioner,

v.

Ray H. PAGE, Warden, Oklahoma State
Penitentiary, Respondent.

No. A–16003.

Court of Criminal Appeals of Oklahoma.

Jan. 26, 1972.

John B. Ogden, Oklahoma City, for petitioner.

Larry Derryberry, Atty. Gen., for respondent.

BRETT, Judge:

This is an original proceeding for a Writ of Habeas Corpus in which Petitioner claims that he is illegally confined in the Oklahoma State Penitentiary pursuant to a judgment and sentence obtained in violation of Petitioner's constitutional rights.

It appears that the Petitioner entered a plea of guilty to two charges of Robbery with Firearms in the District Court of Oklahoma County, Case Numbers 30515 and 30516. On his plea of guilty, the court sentenced Petitioner to a term of fifteen (15) years imprisonment on each charge, with the sentences to run concurrently. On or about April 16, 1965, Petitioner was transported to the Oklahoma State Penitentiary under the judgment.

It is Petitioner's contention that he was denied his constitutional rights to counsel, and was coerced by police officers into entering a plea of guilty after his pregnant wife was arrested and placed in jail, and that Petitioner was informed he would receive only a five (5) year sentence if he entered a plea of guilty. In view of these contentions, this Court directed the District Court to conduct an Evidentiary Hearing on the issues raised and to make a finding of fact. Such a hearing was held on March 23, 1971, before District Judge Clarence Mills with the Petitioner present and represented by counsel, John B. Ogden, and the State represented by Morland Barton, Assistant District Attorney. Witnesses were called and testified and the entire proceedings transcribed and transmitted to this Court for review. The findings of the Judge at the Evidentiary Hearing are as follows:

"1. That defendant was provided with able counsel;

"2. He was not coerced by the police officers, nor threatened by them;

"3. That his wife was never arrested or placed in jail;

"4. That threats concerning defendant's wife were not made by the police to coerce him into a confession;

"5. That he was not induced to sign confessions or to plead guilty by any promise by anyone that he would receive a five year sentence;

"6. That he understood his rights, had an able, honorable lawyer, and in no manner were any of his statutory or constitutional rights violated."

Also included in the record is a signed confession admitting the robbery and an express waiver of the right to counsel. The confession was witnessed by Oklahoma City Police Officer Liles, the Petitioner's wife, Shirley Darlene Gillispie, and

a police department secretary, Tracy E. Morrow.

In view of the record, we concur in the findings of the District Court that Petitioner's conviction was not obtained in violation of any of his constitutional or statutory rights, and conclude that there is no basis for the Writ prayed for. Accordingly, Writ of Habeas Corpus is hereby denied.

BUSSEY, P. J., and SIMMS, J., concur.